**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SOLYNDRA, LLC., et al., | : | |
| | : | Case No. 11-12799 (MFW) |
| Debtors. | : | (Jointly Administered) |
| _____ | : | |
| | | |
| SEAGATE TECHNOLOGY (US) | : | |
| HOLDINGS, INC., | : | |
| | : | |
| Plaintiff, | : | Adv. Proc. No. 15-50268 (MFW) |
| | : | |
| v. | : | |
| | : | |
| GLOBAL KATO HG, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | | |
| GLOBAL KATO HG, LLC, a | : | |
| California limited | : | |
| liability company, | : | |
| | : | |
| Plaintiff, | : | Adv. Proc. No. 15-50925 (MFW) |
| | : | |
| v. | : | |
| | : | |
| SEAGATE TECHNOLOGY (US) | : | |
| HOLDINGS, INC., a Delaware | : | |
| corporation, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |

**MEMORANDUM OPINION**[1]

Before the Court is a Motion filed by Global Kato HF, LLC

("Global Kato") seeking attorneys' fees and expenses incurred in

---

[1] This Court is not required to state findings of fact or conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Accordingly, the facts recited are those averred in the Complaints, which must be presumed as true for the purposes of this motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

relation to a Motion to Remand and Motion to Dismiss previously granted by the Court.  For the reasons set forth below, Global Kato's Motion is denied in part and dismissed in part.


I.    UNDERLINE BACKGROUND

In September 2003, Global Kato, as landlord, and Maxtor Corporation, as tenant, entered into an industrial lease for a facility in Fremont, California.  (Adv. 1 at D.I. 1, ¶ 18.)[2]  In December 2006, Maxtor Corporation assigned the lease (the "Seagate Lease") to Seagate Technology (US) Holdings, Inc. ("Seagate").  (Id.)  In January 2007, Seagate assigned the Seagate Lease (the "Sublease") to 360 Degree Solar Holdings, Inc. (the "Debtor").  (Id.)  On September 6, 2011, the Debtor and its affiliate, Solyndra LLC, filed chapter 11 bankruptcy petitions. (Id.)

On April 20, 2015, Seagate filed a complaint (the "Seagate Action") in this Court against Global Kato alleging: (1) breach of contract, (2) equitable indemnity, (3) unjust enrichment, and (4) declaratory relief.  (Adv. 1 at D.I. 1.)  On October 16, 2015, the Court dismissed the Seagate Action because it lacked "related-to" jurisdiction over the dispute.  (Adv. 1 at D.I. 33-34.)

---

[2]  References to the record are: "D.I. #" for pleadings from the main case; "Adv. 1 at D.I. #" for pleadings filed in Adv. Proc. No. 15-50268; "Adv. 2 at D.I. #" for pleadings filed in Adv. Proc. No. 15-50925.

On May 19, 2015, Global Kato filed a lawsuit in California state court (the "California Action") against Seagate for alleged breaches of the Seagate Lease.  (Adv. 2 at D.I. 1.)  On July 9, 2015, Seagate removed the California Action which was thereafter transferred to this Court.  (Adv. 2 at D.I. 22.)  Global Kato then filed a motion to remand the California Action.  (Adv. 2 at D.I. 26.)  On October 16, 2015, the Court granted Global Kato's motion to remand because it lacked "related-to" jurisdiction over the underlying dispute and was therefore compelled to remand the California Action pursuant to section 1443(c) of title 28.  (Adv. 2 at D.I. 31 & 32.)

On October 30, 2015, Global Kato filed a motion for entry of an order granting attorneys' fees for expenses incurred in relation to the Seagate and California Actions.  (Adv. 1 at D.I. 36; Adv. 2 at D.I. 34.)  On November 13, 2015, Seagate filed a memorandum in opposition to Global Kato's motion.  (Adv. 1 at D.I. 40; Adv. 2 at D.I. 38.)  A notice of completion of briefing was filed and this matter is ripe for decision.  (Adv. 1 at D.I. 43; Adv. 2 at D.I. 41.)

II.  <u>JURISDICTION</u>

Under 28 U.S.C. § 1447(c), a bankruptcy court retains jurisdiction to award fees and costs for expenses of removing an action to federal court after the matter has been remanded. <u>Mints v. Educ. Testing Serv.</u>, 99 F.3d 1253, 1257-59 (3d Cir.

1996) (holding that a district court may enter an order awarding costs and attorneys' fees after it has remanded a case). Additionally, a bankruptcy court has the authority to determine whether it has subject matter jurisdiction over a contested matter. See, e.g., MPC Liquidating Trust, LLC v. Granite Fin. Solutions (In re MPC Computers, LLC), 465 B.R. 384, 386 (Bankr. D. Del. 2012) (holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute).

III. DISCUSSION

    A.   Attorneys' Fees Under 28 U.S.C. § 1447(c)

Section 1447(c) of title 28 provides that, "[a]n order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees under section 1447(c) is left to the court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (holding that the use of the term "may" in section 1447(c) demonstrates an intent to allow the court discretion in awarding attorneys' fees upon remand). In interpreting section 1447(c), the Martin Court held that "[the] court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 140. Conversely, when an objectively reasonable basis exits, fees should be denied. Id. at 141.

4

Global Kato asserts that each of Seagate's grounds for removal are inconsistent with this jurisdiction's clear controlling authority and, therefore, its arguments were not objectively reasonable.  See, e.g., DPCC, Inc. v. Cedar Fair, L.P., 21 F.Supp.2d 488, 492 (E.D. Pa. 1998) (holding removal arguments not colorable given clear rule of controlling authority).

Seagate replies that it reasonably argued that resolution of the California Action was necessary for the administration of the liquidating trust.  In support of this contention, Seagate argues that the Third Circuit in W.R. Grace acknowledged "related-to" jurisdiction may exist where there is a "clear contractual right to indemnity."  W.R. Grace & Co., 591 F.3d 164, 173 (3d Cir. 2009).  Seagate therefore argues that because the Sublease provides for indemnity, it had an objectively reasonably argument that the Court possessed "related-to" jurisdiction over the California Action.

The Court agrees with Seagate.  In the Sublease, the Debtor agreed to indemnify Seagate for damages resulting from certain acts or omissions committed during the Debtor's occupancy of the leased property.  (Adv. 1 at D.I. 6-4, 15.)  In W.R. Grace, the Third Circuit endorsed the view that "related-to" jurisdiction may exist when there is a clear contractual right to indemnity. Id. at 173-74.  The W.R. Grace Court did not conclude a contractual right to indemnity guarantees "related-to"

5

jurisdiction, but nonetheless contemplated instances where
contract-based indemnification gives rise to "related-to"
jurisdiction.  Id. at n.9.

Although the Court inevitably ruled it did not have
"related-to" jurisdiction over the California Action, the Court
concludes that Seagate's contractual indemnity argument was an
objectively reasonable ground for seeking removal.  Therefore,
the Court holds that Global Kato is not entitled to attorneys'
fees and costs under 28 U.S.C. § 1447(c).  See Martin, 546 U.S.
at 141.

    B.   Fees Under California Statute

Alternatively, Global Kato asserts that it is entitled to
recover attorneys' fees under the Seagate Lease pursuant to
California law.  In the Seagate Lease, Global Kato and Seagate
contracted for the right to recover attorneys' fees in the event
either was a prevailing party in an action or proceeding
involving the property subject to the Seagate Lease.  (Adv. 2 at
D.I. 1-1, ¶ 31.)  The parties disagree over the Court's authority
to award attorneys' fees after remanding the California Action.

California law provides that parties may contract to
allocate the payment of attorneys' fees in the event of
litigation.  See Cal. Civ. Code. § 1021.  In the event an
allocation of attorneys' fees is contractually prescribed,
California law provides:

In any action on a contract, where the contract

6

> specifically provides that attorney's fees and costs,
> which are incurred to enforce that contract, shall be
> awarded whether to one of the parties or to the
> prevailing party, then the party who is determined to
> be the party prevailing on the contract . . . shall be
> entitled to reasonable attorney's fees in addition to
> other costs.

Cal. Civ. Code. § 1717(a).

According to Seagate, however, because the Court lacked subject matter jurisdiction over the California Action, the Court lacks subject matter jurisdiction to award attorneys' fees under California state law.

Federal courts interpreting California Code section 1717 have consistently held that courts lack jurisdiction to award attorneys' fees after dismissal of the underlying case for lack of subject matter jurisdiction. See, e.g., Russell City Energy Co., LLC v. City of Hayward, No. C-14-03102 JSW (DMR), 2015 WL 983858, at *4-5 (N.D. Cal. Feb. 17, 2015) (concluding that the court "lacks jurisdiction to consider the City's motion for attorneys' fees" under section 1717 after dismissing the action for lack of subject matter jurisdiction) (citations omitted)); Doan v. Singh, No. 1:13-CV-00531-LJO, 2013 WL 5718720, at *3-4 (E.D. Cal. Oct. 18, 2013) (same); Archer v. Silver State Helicopters, LLC, No. CIV06CV1229JAHRBB, 2007 WL 4258237, at *2 (S.D. Cal. Dec. 3, 2007) (same).

Global Kato relies on a Ninth Circuit ruling to support its contention that courts may award attorneys' fees notwithstanding dismissal and remand of the underlying case for lack of subject

7

matter jurisdiction.  See Kona Enters. v. Estate of Bishop, 229
F.3d 877 (9th Cir. 2000) (affirming award of attorneys' fees and
costs to defendants deemed "prevailing party" under Hawaii
statute after plaintiffs' claims dismissed with prejudice for
lack of subject matter jurisdiction).

The Court finds the Kona Enterprises ruling inapplicable for
two reasons.  First, Kona Enterprises considered the issue under
a Hawaiian statute, not California Code section 1717.

Second, Courts in the Ninth Circuit have repeatedly declined
to extend the Kona Enterprises holding.  Prior to Kona
Enterprises, the Ninth Circuit had held that courts may not award
attorneys' fees when jurisdiction is lacking over the underlying
action.  See, e.g., Branson v. Nott, 62 F.3d 287, 292-93 (9th
Cir. 1995) ("because the district court lacked subject matter
jurisdiction over [plaintiff's] purported civil rights claim in
the first instance, it also lacked the power to award attorney's
fees [because] . . . fee shifting provisions cannot themselves
confer subject matter jurisdiction" (internal quotations
omitted)); Smith v. Brady, 972 F.2d 1095, 1097 (9th Cir. 1992)
("if the district court lacked jurisdiction over the underlying
suit, it had no authority to award attorney's fees" (internal
quotations omitted)); Latch v. United States, 842 F.2d 1031, 1033
(9th Cir. 1988) (holding that "since the district court lacked
jurisdiction to entertain the tax claim, it had no authority to
award attorney's fees").

8

Even after the <u>Kona Enterprises</u> ruling, the Ninth Circuit has held that courts lack authority to award attorneys' fees when jurisdiction is lacking over the underlying claim. <u>Skaff v. Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees.").

Though <u>Kona Enterprises</u> was decided after <u>Latch</u>, <u>Smith</u>, and <u>Branson</u>, it did not reference or distinguish any of those cases, leading a number of courts to decline to consider its holding binding. <u>See, e.g.</u>, <u>Doan</u>, 2013 WL 5718720, at *3-4 (concluding that <u>Kona Enterprises</u> "should be limited to its facts . . . if not disregarded entirely"); <u>Skaaning v. Sorenson</u>, 679 F.Supp.2d 1220, 1224-25 (D. Haw. 2010) ("The <u>Kona Enterprises</u> panel, which was not sitting en banc, did not, and indeed could not, overrule [<u>Latch</u>, <u>Smith</u>, and <u>Branson</u>]. . . .  [T]o the extent that the <u>Kona Enterprises</u> panel's statement on this narrow issue is contrary to prior established precedent as well as subsequent Ninth Circuit case law, <u>Kona Enterprises</u> does not control this Court's determination."); <u>Archer</u>, 2007 WL 4258237, at *2-3 ("Absent an intervening Supreme Court decision, a Ninth Circuit panel must follow Ninth Circuit precedent unless such precedent is distinguished; precedent may only be overruled by the Ninth Circuit sitting en banc. . . .  Because one panel cannot overrule another, and because <u>Kona Enterprises</u> failed to distinguish what appears to be controlling authority, this Court concludes it

9

would be inappropriate to follow <u>Kona Enterprises</u>.").

As the preceding authority instructs, courts interpreting California Code section 1717 agree that there is no authority to award attorneys' fees when the underlying claim is dismissed for lack of jurisdiction.  For these reasons, the Court concludes that it lacks subject matter jurisdiction to rule on Global Kato's motion for attorneys' fees under California law.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny Global Kato's request for attorneys' fees under section 1447(c) of title 28. With respect to Global Kato's request for attorneys' fees under California law, the motion is dismissed.  <u>Russell City</u>, 2005 WL 983858, at *4 (quoting <u>Skaff</u>, 506 F.3d at 837 n.2) ("[T]he appropriate disposition of a motion for attorneys' fees when the court lacked jurisdiction from the outset of an action is not denial of the motion . . . but dismissal of the motion for lack of jurisdiction.") (citations omitted)).

Appropriate Orders follow.

Date: March 3, 2016                    BY THE COURT:

                                       Mary F. Walrath
                                       United States Bankruptcy Judge

10